JORDAN *v.* STATE.*

(Division B.   June 9, 1924.)

[100 So. 384.   No. 23902.]

CRIMINAL LAW.   *Evidence obtained by illegal search inadmissible.*

In a liquor prosecution, evidence obtained as a result of a search of defendant's home without a warrant as required by Const. 1890, section 23, is not admissible.

*Headnote 1.   Criminal Law, 16 C. J., section 1110.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

H. S. Jordan was convicted of the unlawful possession of more than one quart of intoxicating liquor, and he appeals. Reversed and remanded.

*Davis & Hill,* for appellant.

The evidence obtained under the search warrant was inadmissible because the affidavit was made on information illegally obtained—extracted, so to speak, from the appellant, in violation of section 26 of the Constitution. These policemen were wholly without legal authority in forcing their way into appellant's home. They had no right to enter therein to arrest appellant for unlawful cohabitation without a warrant so to do; and likewise, they had no right, upon any theory, to enter therein to see if he was concubining with a negro woman.

An officer can never arrest for a misdemeanor without a warrant unless the misdemeanor is being committed in his presence, and certainly he cannot invade a man's home merely to see if the man is engaged in committing a misdemeanor. These officers were without authority of law from any standpoint to break into appellant's home. They had discovered the three gallon jars, opened them and smelled the contents; they had smelled liquor all over the house; had observed an empty bottle, a funnel and liquor on the hearth in appellant's bedroom, all of which knowledge they obtained by a forcible and illegal breaking into appellant's home. They had reason to believe, from these circumstances, that other whiskey was concealed in the house; in fact, Ethridge told the justice of the peace that he so believed, and yet all of this knowledge was obtained by him while he himself was violating the law.

The state cannot thus force a man to give evidence against himself in any such manner in order to obtain for itself evidence without which it could not make the required affidavit to authorize a search warrant. The initial wrong vitiates the whole proceeding. *Tucker* v. *State,* 90 So. 845; *Silverthorne Lumber Co.* v. *U. S.,* 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319.

But if we are mistaken in this view, then we submit that the verdict rests mainly upon evidence obtained with-

out warrant. In fact, all of the circumstances connected with this transaction were discovered under the original search, except the actual finding of the twenty-eight coca cola bottles in the attic, and all the circumstances were developed on the trial of the case. At the close of the testimony of the witness Coates, a motion was made to exclude it for the reasons here being argued.

Affidavit without requiring the witness to hold up the right hand and without invoking the Deity is not an oath, and wholly insufficient to base a prosecution for perjury. No oath having been administered, the contents of the affidavit were not sworn to, and the justice, therefore, was entirely without jurisdiction to issue the warrant. The paper the witness signed was not a complaint on oath; it was nothing but a mere complaint. *Husbands* v. *State,* 105 Miss. 548, 62 So. 418; *Carlisle* v. *Gunn,* 68 Miss. 243, 8 So. 743.

The search warrant was also void because the premises to be searched were not sufficiently described. They were described as being at ―――― Mobile Street, said county and state, but the street number was omitted. *Miller* v. *State,* 93 So. 2.                     •

*Harry M. Bryan,* Assistant Attorney-General, for the state.

We have examined the transcript very carefully and while the proof is overwhelming, we are frank to state to the court that under recent decisions we believe the conviction cannot be sustained because of evidence improperly admitted.

The *Tucker case,* 90 So. 845 (followed by the Owens case and many others) impels us to this conclusion. The evidence shows that the two policemen, who searched the home of defendant did so without first obtaining a search warrant. The evidence does not show that they were invited. On the contrary, it appears to be established that they were told by the defendant not to enter with-

out a search warrant. The testimony shows that after the officers had found certain quantities of liquor in the home of defendant they then procured a search warrant and in his absence returned, searched the attic and found a great deal more. The record appears to show further that they served the search warrant on defendant after they had lodged him in jail.

While we deeply regret to confess error, we believe it is our duty to be frank and fair with the court.

COOK, J., delivered the opinion of the court.

The appellant, H. S. Jordan, was convicted in the circuit court of Forrest county on a charge of having in his possession more than one quart of intoxicating liquors, and from the conviction and sentence this appeal was prosecuted.

The facts as developed in the testimony offered by the state are substantially as follows: Certain policemen of the city of Hattiesburg went to the appellant's home about twelve o'clock at night. One of them went to a back door, while another went to the front door and knocked thereon. The appellant came to the front door and opened it, and the policeman entered the hall, and there with the aid of a searchlight he discovered three jugs in the back hall. The appellant objected to any search of his house without a search warrant, and thereupon the officer who was in the front hall called to his partner who was on the outside at the back door. This officer then forced the back door open and came into the back hall. He then took possession of the three jugs and opened them and discovered that they contained whisky. Thereupon they arrested the appellant, and while he was dressing in his bedroom they discovered therein an empty bottle, a funnel, and a wet place on the floor which they testified indicated that he had been filling bottles at that place. As soon as the appellant had dressed, one of the officers carried him to jail, and also

carried the three jugs of whisky to the City Hall, leaving, one of the policemen to guard the house. As soon as the appellant was incarcerated in the jail, this officer proceeded to the home of a justice of the peace and secured a warrant to search appellant's home and premises. Armed with this search warrant, they returned to appellant's home and completed the search thereof, and then discovered twenty-six Coca-Cola bottles filled with whisky, and hidden in an attic over appellant's bedroom. Appellant lived in the house alone, and only occupied one room. At the time these officers first entered appellant's house, they did not have either a search warrant or a warrant for his arrest, and at the time the search was completed the appellant was safely incarcerated in the city jail.

The search of appellant's home was begun in an unlawful manner, without a search warrant, and completed under a search warrant based upon the information so unlawfully obtained, and upon which the appellant had already been arrested and placed in jail. The witnesses offered by the state testified to the entire transaction, which showed an illegel search and seizure, and under the cases of *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, *Owens* v. *State* (Miss.), 98 So. 235, and many others following those cases, the motion of appellant to exclude this testimony should have been sustained.

*Reversed and remanded.*